IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DWAYNE A. HARRIS, JR., : | |
| : | |
| Petitioner, : | |
| : | NO. 3:22-CV-00026-CDL-CHW |
| VS. : | |
| : | |
| SUPERIOR COURT OF : | |
| WALTON COUNTY, : | |
| : | |
| Respondent. : | |
| _____ : | |

## DISMISSAL ORDER

*Pro se* Petitioner Dwayne A. Harris, Jr., filed a petition for writ of habeas corpus in the Southern District of Georgia. ECF No. 1. The action was transferred to this Court. ECF Nos. 3 and 4. Petitioner also filed motions to proceed *in forma pauperis*. ECF Nos. 2 and 8. On April 5, 2022, Petitioner's motions to proceed *in forma pauperis* were denied and he was ordered to pay the filing fee. ECF No. 9. Petitioner was given fourteen (14) days to respond. *Id*. On April 20, 2022, Petitioner responded that he submitted an account withdrawal at Johnson State Prison which had not been fulfilled. ECF No. 10. On May 13, 2022, the Court granted Petitioner an extension of time to submit the fee and provided specific instructions to facilitate the payment of his filing fee through prison officials. ECF No. 11. Petitioner was given fourteen (14) days to respond. *Id*. Petitioner did not respond.

Therefore, on June 15, 2022, the Court notified Petitioner that it had not received a response and ordered him to show cause why his action should not be dismissed for failure

to comply with this Court's orders and diligently prosecute his claims.  ECF No. 12.  The Court unambiguously informed Petitioner that his action would be dismissed if he failed to respond.  *Id*.  Petitioner was given fourteen (14) days to answer.  *Id*.  Petitioner has once again failed to respond.

Because Petitioner has failed to comply with the Court's orders or otherwise prosecute his case, his complaint is **DISMISSED WITHOUT PREJUDICE**.  See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED,** this **11th** day of **July, 2022**.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT